IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

M.W., a minor at the time of the incident,[1]   )
                                                )
            Plaintiff,                          )
                                                )
                                                )
     v.                                         )
                                                )   Case No. 12 C 2461
COOK COUNTY SHERIFF'S DEPUTY                    )
JOHN DOE 1, COOK COUNTY                         )
SHERIFF'S DEPUTY JOHN DOE 2,                    )
the COOK COUNTY SHERIFF'S OFFICE,               )
the COOK COUNTY JUVENILE                        )
DETENTION CENTER, and the COUNTY                )
OF COOK,                                        )
                                                )
            Defendants.                         )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On April 3, 2012, Plaintiff M.W. filed a nine-count Complaint against Defendants Cook County, the Cook County Sheriff's Office, individual Cook County Sheriff's Deputies, and the Cook County Juvenile Detention Center alleging constitutional violations and state law claims. *See* 28 U.S.C. §§ 1331, 1367; 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendants' motion to dismiss. In particular, the Court

---

[1] Under Illinois law, a minor lacks the legal capacity to initiate proceedings in his own name, instead, the minor must appear by guardian, guardian ad litem, or next friend. *See Klak v. Skellion,* 317 Ill.App.3d 1092, 1095, 251 Ill.Dec. 694, 741 N.E.2d 288 (1st Dist. 2000); *Doe v. Montessori Sch. of Lake Forest*, 287 Ill.App.3d 289, 298, 223 Ill.Dec. 74, 678 N.E.2d 1082, 1089 (2d Dist. 1997). The age of majority in Illinois is 18 and, based on Plaintiff's allegations, he was no longer a minor when he filed this lawsuit. *See* 755 ILCS 5/11-1. Because Plaintiff has legal capacity to bring this lawsuit, he must amend the caption when filing his Amended Complaint in accordance with this order.

grants Defendants' motion to dismiss Counts IV, V, VI, VII, and VIII with prejudice and grants Defendants' motion to dismiss Counts I, II, III, and IX without prejudice. The Court also grants Defendants' motion to dismiss the Cook County Juvenile Detention Center as a Defendant to this lawsuit. Last, the Court grants Plaintiff leave to file an Amended Complaint by no later than September 17, 2012 in compliance with this order.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011). A plaintiff may plead himself out of court by alleging facts showing that he has no

2

legal claim. *See Peterson v. McGladrey & Pullen, LLP,* 676 F.3d 594, 600 (7th Cir. 2012); *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

## FACTUAL BACKGROUND

On or about February 15, 2008, police arrested Plaintiff, who was then a minor, after which they took him into custody and housed him at the Cook County Juvenile Detention Center. (R. 1, Compl. ¶ 10.) On May 6, 2008, the Cook County State's Attorney dropped the charges against Plaintiff. (*Id.* ¶ 11.) On May 20, 2008, the State's Attorney renewed charges against Plaintiff after which the Cook County Circuit Court judge directed that Plaintiff be detained at the Cook County Juvenile Detention Center. (*Id.* ¶¶ 12, 13.) After his court appearance, Plaintiff, along with certain Sheriff's Deputies, waited for the bus to the Cook County Juvenile Detention Center, but the bus never showed up. (*Id.* ¶ 14.) The Sheriff's Deputies proceeded to transfer Plaintiff with other detainees to the Cook County Department of Corrections ("CCDOC"), where they waited for the bus to transfer Plaintiff to the Cook County Juvenile Detention Center. (*Id.* ¶ 15.) When the Juvenile Detention Center bus did not show up, Defendant Officers processed Plaintiff into the general population of Division 11 of the CCDOC. (*Id.* ¶ 16.) Plaintiff was in custody at the Cook County Jail for three days before his mother learned of his situation and was able to get proof of his age to the Cook County Sheriff's Office, at which time he was transferred to Division 9 of the CCDOC. (*Id.* ¶ 17.) Later that day, a Circuit Court judge ordered that Plaintiff be transferred to the Cook County Juvenile Detention facility. (*Id.* ¶ 17.) In the course of the three days that Plaintiff was detained in Division 11, he was subjected to various forms of mental, physical, and sexual abuse. (*Id.* ¶ 18.)

In his Complaint, Plaintiff alleges the following constitutional violations pursuant to 42 U.S.C. § 1983: (1) a Fourth Amendment search and seizure claim; (2) a substantive due process claim; and (3) a *Monell* claim. Plaintiff also alleges the following state law claims pursuant to the Court's supplemental jurisdiction: (1) negligent supervision; (2) negligent infliction of emotional distress; (3) negligent failure to act; and (4) respondeat superior.

## ANALYSIS

**I.    Statute of Limitations**

Defendants first argue that Plaintiff failed to file his constitutional claims within the relevant two-year statute of limitations. *See Gomez v. Randle,* 680 F.3d 859, 864 (7th Cir. 2012) ("the statute of limitations for a § 1983 claim in Illinois is two years"). Defendants acknowledge that federal courts borrow state equitable and statutory tolling rules, including 720 ILCS 5/13-211, when using a state's limitations period. *See Malone v. Corrections Corp. of Am.,* 553 F.3d 540, 542 (7th Cir. 2009) ("when borrowing a state's period of limitations, the federal court must take all related doctrines, such as those that specify tolling, revival, and details of application"). Here, the relevant statutory tolling provision states in its entirety:

> Minors and persons under legal disability. If the person entitled to bring an action, specified in Sections 13-201 through 13-210 of this Act, at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed.

720 ILCS 5/13-211; *see also Softcheck v. Imesch,* 367 Ill.App.3d 148, 154-55, 305 Ill.Dec. 425, 855 N.E.2d 941 (3d Dist. 2006) (minor must bring lawsuit within two years of turning 18 years of age).

4

Despite this statutory tolling provision, Defendants maintain that Plaintiff cannot bring the present action because – based on his allegations that he was 16-years-old at the time of his arrest on February 18, 2008 – he filed the present lawsuit after he turned 20-years-old. In response, Plaintiff explains that the allegations in the Complaint concerning his age are incorrect and that he was born on April 4, 1992. Therefore, he was not 20-years-old when he filed the present lawsuit on April 3, 2012, but was 19-years-old. Based on Plaintiff's representations, it appears that Plaintiff's constitutional claims are timely under 720 ILCS 5/13-211. Nevertheless, the Court grants Defendants' motion to dismiss without prejudice. Plaintiff must file an Amended Complaint including his actual date of birth in order to withstand another motion to dismiss based on timeliness issues.

## II.     Cook County Juvenile Detention Center as a Defendant

Next, Defendants argue that the Cook County Juvenile Detention Center is not a suable entity. The Court agrees. Federal courts look to state law when determining if a defendant is amenable to suit. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 215, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); Fed.R.Civ.P. 17(b)). Under Illinois law, a "party to litigation must have a legal existence, either natural or artificial, to sue or be sued." *Jackson v. Village of Rosemont,* 180 Ill.App.3d 932, 937-38, 129 Ill.Dec. 670, 536 N.E.2d 720 (1st Dist. 1988); *see also DeGenova v. Sheriff of DuPage County,* 209 F.3d 973, 977 n.2 (7th Cir. 2000) (same). Moreover, "[d]epartments within a governing body lack the required separate legal existence to be held accountable." *Manos v. Caira,* 162 F.Supp.2d 979, 992 (N.D. Ill. 2001).

In August 2007, the State of Illinois enacted legislation transferring the administration of the Cook County Juvenile Detention Center from the executive branch of Cook County to the Office of the Chief Judge of the Circuit Court of Cook County. *See Doe v. Cook County,* No. 99 C 3954, 2010 WL 2610644, at *1 (N.D. Ill. June 23, 2010). This transition was effective as of January 1, 2008. *See id.* Thereafter, a transitional administrator was appointed for the Cook County Juvenile Detention Center. *See Coleman v. Dunlap*, ___ F.3d ___, 2012 WL 3590809, at *1 (7th Cir. Aug. 22, 2012). Under these circumstances, the Cook County Juvenile Detention Center is part of the Circuit Court of Cook County, and the Circuit Court of Cook County is not a suable entity. *See Harris v. Circuit Court of Cook County, Chicago, Ill.,* No. 96 C 1623, 1996 WL 145907, at *1 (N.D. Ill. Mar. 27, 1996); *Newsome v. Circuit Court of Cook County, Criminal Div.,* No. 88 C 10493, No. 1989 WL 15960, at *1 (N.D. Ill. Feb. 21, 1989). Therefore, the Court grants Defendants' motion to dismiss the Cook County Juvenile Detention Center as a Defendant from this lawsuit.

### III.  Cook County as a Defendant

Defendants further contend that Cook County is not a proper defendant to this lawsuit because there is no employer/employee relationship between the county and its sheriff. In his response brief, Plaintiff concedes that Cook County cannot be held liable under the theory of respondeat superior under the circumstances, and thus the Court grants this aspect of Defendants' motion to dismiss. Plaintiff, however, correctly asserts that Cook County is an indispensable party to this lawsuit because state law requires the County to pay judgments entered against the sheriff's office in its official capacity. *See Askew v. Sheriff of Cook County,* 568 F.3d 632, 636 (7th Cir. 2009); *Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 948 (7th

6

Cir. 2003); 55 ILCS 5/5-1002. The Court therefore denies Defendants' motion to dismiss in this respect.

### IV. Official Capacity Claim against the Cook County Sheriff's Office

Next, Defendants argue that Plaintiff has failed to properly allege his official capacity claim against the Cook County Sheriff's Office pursuant to *Monell v. Department of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Walker v. Sheahan,* 526 F.3d 973, 977 (7th Cir. 2008) ("Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself"). In particular, Defendants argue that Plaintiff has failed to sufficiently state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678; *Twombly,* 550 U.S. at 570.

In his Complaint, Plaintiff not only alleges a failure to train claim pursuant to *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), he also alleges that the Sheriff's Office has certain customs and practices that deprived him of his constitutional rights. *See Houskins v. Sheahan,* 549 F.3d 480, 493 (7th Cir. 2008). Three types of policies or customs are recognized in this context:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Klebanowski v. Sheahan,* 540 F.3d 633, 637 (7th Cir. 2008) (citation omitted); *see also Guzman v. Sheahan,* 495 F.3d 852, 859 (7th Cir. 2007).

In Count III of his Complaint, Plaintiff alleges that the customs, policies, and practices involving the Cook County Sheriff's Deputies that caused his constitutional deprivations,

7

include: (1) the improper transport and detainment of juveniles; (2) failure to protect against physical, sexual, and mental abuse of juveniles by adult detainees; (3) a code of silence whereby Deputy Sheriffs refuse to report misconduct of other officers; (4) a code of silence whereby Deputy Sheriffs give false and misleading information during investigations to cover-up for other officers; (5) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline Sheriff's Deputies regarding their unconstitutional and criminal misconduct; and (6) a failure to adequately investigate criminal and unconstitutional conduct. (Compl. ¶ 34.)

Viewing Plaintiff's allegations and all permissible inferences as true – as the Court is required to do at this procedural posture – Plaintiff has sufficiently alleged the particulars of a plausible *Monell* claim putting Defendants on notice of his claim and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555. In addition, the Complaint – as a whole – sufficiently describes what happened to Plaintiff in May 2008 when the Deputies transported and detained him at the Cook County Jail, which provides background for his *Monell* claim. *See McCauley v. City of Chicago,* 671 F.3d 611, 629 (7th Cir. 2011). Also, Plaintiff sufficiently alleges the underlying substantive due process claim concerning Defendants failure to protect, giving additional context to his *Monell* claim. *See Jackson v. Indian Prairie Sch. Dist. 204,* 653 F.3d 647, 654 (7th Cir. 2011); *T.E. v. Grindle,* 599 F.3d 583, 590 (7th Cir. 2010). Meanwhile, even if some of Plaintiff's allegations are conclusory in nature – as Defendants argue – Plaintiff's overall allegations put Defendants on notice of the type of claim he is bringing. *See McCauley,* 671 F.3d at 629. Therefore, the Court denies Defendants' motion to dismiss Plaintiff's *Monell* claim as alleged in Count III of the Complaint because Plaintiff has satisfied the federal notice pleading standards. *See Iqbal,* 556 U.S. at 678.

**V.  Illinois Local Government and Governmental Employees Tort Immunity**

In his Complaint, Plaintiff alleges the state law claims of negligent supervision, negligent infliction of emotional distress, negligent failure to act, and an attendant respondeat superior claim in relation to his three-day detention at the CCDOC.  In their motion, Defendants assert that they are immune from Plaintiff's state law claims under the Illinois Local Government and Government Employees Tort Immunity Act, specifically, 745 ILCS 10/4-103, which states in relevant part: "Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, *for failure to provide sufficient equipment, personnel, supervision or facilities therein*."  745 ILCS 10/4-103 (emphasis added); *see also Payne for Hicks v. Churchich,* 161 F.3d 1030, 1045 (7th Cir. 1998) (citing *Fraley v. City of Elgin,* 251 Ill.App.3d 72, 76, 190 Ill.Dec. 407, 621 N.E.2d 276 (2d Dist. 1993)) (Section 4-103 immunizes local public entities and employees for negligent supervision).  In addition, the Tort Immunity Act states in pertinent part:

> Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for *failure to provide adequate police protection or service, failure to prevent the commission of crimes*, failure to detect or solve crimes, and failure to identify or apprehend criminals.

745 ILCS 10/4-102 (emphasis added); *Doe v. Village of Arlington Heights*, No. 11 C 2764, 2012 WL 1068787, at *11 (N.D. Ill. Mar. 29, 2012) (Section 4-102 immunizes local public entities and employees against negligence claims).  Moreover, these provisions of the Tort Immunity Act do not contain the willful and wanton exception like other Tort Immunity Act provisions do.  *See Estate of Hays v. County of Rock Island,* 219 Ill.2d 497, 514, 302 Ill.Dec. 466, 848 N.E.2d 1030 (Ill. 2006) ("section 4–102 contains no exception for willful and wanton misconduct"); *Jefferson

9

*v. Sheahan,* 279 Ill.App.3d 74, 77, 215 Ill.Dec. 815, 664 N.E.2d 212 (1st Dist. 1996) ("Section 4-103 does not provide an exception for conduct found to be willful and wanton").

In response, Plaintiff argues that there is a special duty exception that allows him to pursue the present negligence claims. The Supreme Court of Illinois, however, has unequivocally rejected this argument:

> Because the special duty doctrine is a judicially created exception to the public duty rule, the special duty doctrine cannot, and was not intended to, contravene the immunities provided to governmental entities under the Tort Immunity Act. Such operation constitutes a violation of the Illinois Constitution's provisions governing sovereign immunity (Ill. Const. 1970, art. XIII, § 4) as well as the separation of powers (Ill. Const. 1970, art. II, § 1).

*Zimmerman for Zimmerman v. Village of Skokie,* 183 Ill.2d 30, 46-47, 231 Ill.Dec. 914, 697 N.E.2d 699, 708 (Ill. 1998). In sum, the special duty doctrine does not trump the Tort Immunity Act under the circumstances. Therefore, the Court dismisses – with prejudice – Plaintiff's negligent supervision, negligent infliction of emotional distress, negligent failure to act, and respondeat superior claims as alleged in Counts IV, V, VI, VII, and VIII.

## CONCLUSION

For the these reasons, the Court grants in part and denies Defendants' motion to dismiss. The Court grants Plaintiff leave to file an Amended Complaint on or before September 17, 2012.

**Date:** August 27, 2012

                                            **ENTERED**

                                            **AMY J. STUEVE**
                                            **United States District Court Judge**