IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Whitted | Case No: 12 C 2461 |
| v. | |
| Cook County Sheriff's Office et al | Judge Amy J. St. Eve |

## ORDER

The Court denies Defendants' motions to dismiss [60][64]. The Court grants Plaintiff leave to amend his allegations to include Defendant Cook County Sheriff Thomas Dart as a Defendant to this lawsuit. *See* Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave when justice so requires."). Plaintiff's Fourth Amended Complaint is due on or before September 16, 2013.

## STATEMENT

On June 1, 2013, Plaintiff Michael Whitted filed the present Third Amended Complaint alleging a Fourth Amendment search and seizure claim, a Fourteenth Amendment substantive due process claim, and claim pursuant to *Monell v. Department of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), against Defendant Cook County Sheriff's Office ("Sheriff's Office") and the County of Cook ("Cook County").[1] Before the Court are Cook County's and the Sheriff's Office's motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Defendants' motions. The Court, in its discretion, grants Whitted leave to amend his allegations to include Defendant Cook County Sheriff Thomas Dart as a Defendant to this lawsuit. *See* Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave when justice so requires."). Whitted's Fourth Amended Complaint is due on or before September 16, 2013.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is

---

[1] Cook County is a Defendant to this lawsuit because it is an indispensable party due to Illinois law requiring the County to pay judgments entered against a sheriff's office in its official capacity. *See Askew v. Sheriff of Cook County,* 568 F.3d 632, 636 (7th Cir. 2009); *Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 948 (7th Cir. 2003); 55 ILCS 5/5-1002.

entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011). A plaintiff may plead himself out of court by alleging facts showing that he has no legal claim. *See Peterson v. McGladrey & Pullen, LLP,* 676 F.3d 594, 600 (7th Cir. 2012); *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

## PROCEDURAL BACKGROUND

On August 27, 2012, the Court granted in part and denied in part Defendants' Rule 12(b)(6) motion to dismiss Whitted's nine-count Complaint. In particular, the Court dismissed Whitted's state law claims with prejudice due to the Illinois Local Government and Governmental Employees Tort Immunity Act. The Court also dismissed Defendant Cook County Juvenile Detention Center as a Defendant to this lawsuit because it did not have a separate legal existence from the Circuit Court of Cook County. Further, the Court granted Defendants' motion as to Whitted's constitutional claims, but also granted Whitted leave to amend these claims.

On May 3, 2013, the Court granted Defendant Sheriff's Deputies' Rule 12(b)(6) motion to dismiss the Second Amended Complaint because Whitted had failed to identify the individual Defendant Sheriff's Deputies within the applicable limitations period. Further, the Court concluded that equitable tolling did not apply under the circumstances because Whitted had not diligently pursued the identities of the Sheriff's Deputies and had not established that extraordinary circumstances stood in his way.

## ANALYSIS

In the present motions to dismiss, Defendants argue that because the Cook County Sheriff's Office it is not a separate legal entity, Whitted has pleaded himself out of court for failing to name the proper Defendant. Indeed, the proper Defendant should be the Cook County Sheriff, Thomas Dart. *See Halsey v. Cook County Dep't of Corr.,* No. 13 C 5975, 2013 WL 4674876, at *1 (N.D. Ill. Aug. 30, 2013) (citing *Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304, 307 (7th Cir. 1993); *Leaks v. Dart,* No. 13 C 1262, 2013 WL 2285841, at *1 (N.D. Ill. May 22, 2013).

Nevertheless, throughout this lawsuit, the Court and the parties have relied upon Whitted's assertions and allegations against Sheriff Dart in his official capacity. Moreover, Sheriff Dart has been on notice of this lawsuit since Whitted filed his original Complaint as

evidenced by the multiple motions to dismiss brought by the Cook County Sheriff's Office's counsel, namely, the Cook County State's Attorney's Office. Accordingly, the Court will not dismiss this lawsuit based on the parties' oversight as to the proper, suable Defendant to this lawsuit. The Court, in its discretion, grants Whitted leave to amend his allegations to include Defendant Cook County Sheriff Thomas Dart as a Defendant to this lawsuit. *See* Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Date:   September 10, 2013

AMY J. STUEVE
United States District Court Judge